IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CV-10-BE-2959-S |
| ] | |
| **PAULA STEWART, et al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

## MEMORANDUM OPINION GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

This case comes before the court on Plaintiff's Motion for Summary Judgment (doc. 17) and involves whether an Allstate homeowners policy provides liability coverage for a car crash killing teenager James Zwack.

While driving at a high speed, John Stewart crashed the car, killing teenage passenger James Zwack. John Stewart was convicted of manslaughter. A civil suit followed with claims of wantonness against John Stewart and claims against Paula Stewart of negligent entrustment of her car to her son, negligent supervision of James Zwack, and violation of statutes supplying alcohol to minors.

The court held a hearing addressing Allstate's fully briefed Motion for Summary Judgment, and for the reasons stated on the record and summarized below, the court finds that Allstate's Motion for Summary Judgment is due to be granted.

Allstate contends that its homeowner's policy insuring Paula and John Stewart does not cover the claims against them under a number of grounds. The court only addresses one ground for

1

denying coverage in this opinion -- the automobile exclusion.

The policy at issue is Allstate's Deluxe Plus Homeowners Policy. Section II, Coverage X of the policy provides:

> ***Losses We Cover Under Coverage X:***
> Subject to the terms, conditions and limitations of the policy, **Allstate** will pay damages which an insured **person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

(emphasis in original). The policy exclusion that the court finds most relevant is exclusion 5 under Section II, Coverage X, which provides:

> ***Losses We Do Not Cover Under Coverage X:*** . . . .
> 5. **We** do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading, or unloading of any motor vehicle or trailer. . . .

(emphasis in original).

No one disputes that James Zwack died as a result of blunt force trauma to his head caused by injuries he suffered during the car wreck. Exclusion 5 thus applies because his bodily injury arose out of the use or occupancy of the motor vehicle, regardless of the various theories of liability Zwack asserts against the Stewarts. *See Cooter v. State Farm Fire & Cas. Co.*, 344 So. 2d 496, 499 (Ala. 1977) (finding that negligent entrustment was excluded from the homeowner's policy based on a similarly worded exclusion); *Atlantic Mut. Fire Ins. Co. v. Cook*, 619 F.2d 553, 556 (5th Cir. 1980) (citing *Cooter* and holding that liability for negligent entrustment was not covered under a policy with a similarly worded exclusion).[1]

The Defendants focus on theories of liability against Paula Stewart that are not specifically

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

excluded from the policy. They argue that Ms. Stewart's negligent supervision of James Zwack occurred before he entered the car, for example, and thus would not be excluded under the homeowner's policy. But this conduct does not trigger coverage because it does not constitute an "occurrence" that caused bodily injury falling within the coverage of the policy. The automobile exclusion, on the other hand, focuses on bodily injury regardless of the theory of liability, if the injury arises from "ownership" or "use" of the automobile.

The Defendants also argue that because they incurred liability at the moment they entrusted the car under the theory of negligent entrustment, such liability is therefore excluded by the automobile exclusion. The Alabama Supreme Court expressly rejected this argument in *Cooter*. Rather, the Court reasoned that because negligent entrustment cannot be separated from the liable party's ownership or use of the car, an action for negligent entrustment falls squarely within a provision excluding coverage for " . . . bodily injury . . .arising out of the ownership, maintenance, operation, use, loading, or unloading of . . .[a]ny motor vehicle owned or operated by . . . any insured . . . ." *See Cooter,* 344 So. 2d at 496, 499 ("It is the very condition spelled out in this exclusion from coverage that must be proved in fixing liability against the insured under the negligent entrustment doctrine.").

Because James Zwack's injury falls within exclusion 5, Paula Stewart's homeowner's policy does not cover any liability she or her son may incur for Zwack's injury. Allstate, therefore, has no duty to defend the lawsuit against its insureds or indemnify the Stewarts in the event a judgment is rendered against them. The court will grant Allstate's Motion for Summary Judgment in its order to be entered contemporaneously with this Memorandum Opinion.

DONE and ORDERED this 6th day of September, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE